J-S41032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL A. WILLIAMS, | |
| Appellant | No. 2723 EDA 2015 |

Appeal from the Judgment of Sentence August 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006919-2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 16, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Delaware County following Appellant's conviction by a jury on one count of simple assault, 18 Pa.C.S.A. § 2701(a)(1), and two counts of recklessly endangering another person, 18 Pa.C.S.A. § 2705, with regard to an incident occurring on October 14, 2014.[1]  Appellant's sole allegation is the trial court erred in excluding certain testimony from defense witness Tonya Grobes, which would have impeached the victim's testimony regarding the October 14, 2014, incident.   We affirm.

---

[1] The jury acquitted Appellant on one count of endangering the welfare of a child, 18 Pa.C.S.A. § 4304(a)(1), as to the October 14, 2014, incident. Moreover, regarding an incident occurring on January 12, 2015, the jury acquitted Appellant on all charges.

---

*Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: Appellant was arrested in connection with incidents occurring on October 14, 2014, and January 12, 2015, and charged with various crimes related to the assault of his ex-paramour, who is also the mother of his child ("the victim"). The charges were consolidated, and represented by counsel, Appellant proceeded to a jury trial.

At trial, the victim testified regarding an incident occurring at Appellant's residence on October 14, 2014. Specifically, the victim testified that she and Appellant were arguing in his bedroom, and the argument "became physical." N.T., 7/15/15, at 28. She testified Appellant pushed her onto a bed, and after she stood, he punched her in the eye, resulting in her falling back onto the bed. *Id.* Appellant then "hovered over [her] and just kept punching." *Id.* The victim indicated she stood and called her husband, from whom she was separated, for assistance. *Id.* at 29.

The victim further testified that, after her husband arrived, she entered the back passenger seat of his car with the parties' young son sitting on her lap when Appellant suddenly opened the car door, grabbed the victim by her hair, and pulled her to the ground with the child in her arms. *Id.* at 31. Appellant then proceeded to punch the victim in the face until two other men pulled him away from her. *Id.* at 32. As a result of the assault, the victim suffered two black eyes, a broken nose, and a busted lip. *Id.* at 35-36.

The victim additionally testified that, on January 12, 2015, Appellant was at her house visiting the parties' child, and they began to argue. *Id.* at 46. She indicated that, during the argument, Appellant pushed her down a set of steps, and she suffered pain in her shoulder as a result of the fall. *Id.* at 49-50.

Appellant's version of events differed from the victim's version. Specifically, he denied being in a bedroom with the victim on October 14, 2014, and he denied hitting her in any manner. N.T., 7/16/15, at 38. He acknowledged the victim was at his house on that day, and he testified that she was intoxicated. *Id.* at 35-36. He acknowledged they argued and, after the victim's husband arrived, the victim entered the back passenger seat of his car with the parties' son on her lap. *Id.* at 36. Appellant testified he did not want his son to ride in the car without a car seat, and thus, he argued with the victim until she exited the car, at which time he tried to pull the child from the victim's arms. *Id.* He indicated that, as the parties struggled over the child, he fell, landing on top of the victim who hit her face on the ground. *Id.* at 36-37.

With regard to the January 12, 2015, incident, Appellant acknowledged he was at the victim's house despite the fact the victim had secured a protection from abuse order against him. He testified that he "broke up with her[,]" and as he was standing outside throwing a plastic bottle at the window, a police officer approached him. *Id.* at 43-45. Realizing Appellant

was violating a protection from abuse order, the police officer arrested Appellant. *Id.* at 45-46. Appellant denied pushing the victim down the steps during this visit. *Id.* at 46-47.

In an attempt to support his version of events, Appellant called as a defense witness a family friend, Tonya Grobes, who is an employee of the Pennsylvania Board of Probation and Parole. Ms. Grobes testified that, as she was leaving church on a Sunday in August, she saw the police talking to Appellant, and the victim was standing further up the street. *Id.* at 18-19. She observed no interaction between Appellant and the victim at this time. *Id.* at 19.

Ms. Grobes further attempted to testify regarding a separate incident; however, the prosecutor objected. *Id.* At side bar, the prosecutor asked for an offer of proof, noting that Ms. Grobes' testimony was yet to be relevant to the time period at issue. *Id.* at 20. Defense counsel indicated that Ms. Grobes would testify "[s]he saw them squabbling and fighting. And she—the victim said to [Appellant], I know you didn't hit me but I'll [d]o anything to see you in jail." *Id.* The trial court asked defense counsel when the victim allegedly made this statement, and defense counsel indicated it "was about October." *Id.* at 22. The trial court ruled that defense counsel could question Ms. Grobes in an effort to determine the date of the statement to determine whether it was relevant. *Id.* at 23. The following relevant exchange then occurred between defense counsel and Ms. Grobes:

> Q: M[s.] Grobes, the second incident that we were just talking about when did that occur?
> A: I can't—I know it was like three weeks after—
> Q: After what?
> A: --that situation. The August situation.
> Q: Three weeks after the August situation?
> A: Um-hum.
> Q: Okay. Do you remember—
> ***
> Q: Do you remember the day of the week?
> A: It had to be on a weekend because his mom called me and I was home. So normally I'm at work during the day, so I know it was on a weekend.
> Q: Okay. And so you think it was still in August on a Saturday?
> A: I don't think it was in August.
> Q: Okay.
> A: No, I don't think it was in August. I think it was like a few weeks after in September. So—
> ***
> THE COURT: All right. Side bar.

*Id.* at 24-25.

At side bar, the trial judge indicated that she would give defense counsel one last chance to question Ms. Grobes to establish the date she allegedly heard the victim make the statement at issue, as well as establish its relevance. *Id.* at 28. Defense counsel made an additional offer of proof, noting that Ms. Grobes would testify "[s]he heard them arguing and she heard [Appellant] say—well, she heard [the victim] say—she heard [Appellant] say, I didn't hit you. You know I didn't hit you. Then she heard [the victim] say, I know but I'll do anything to get you in jail." *Id.* The relevant exchange then occurred between defense counsel and Ms. Grobes:

> Q: I need you to think very carefully about this. What was the date that you went over there?

A: I don't know the date.
Q: You don't know it at all?
A: No, I don't.
    [ADA]:  Objection, Your Honor, relevance.
    THE COURT:  All right.  Let's see you at side bar.

*Id.* at 31.

At side bar, the trial court indicated it was sustaining the prosecutor's objection on the basis that Ms. Grobes' testimony was not relevant to the instant time period. *Id.* at 31-32. Ms. Grobes offered no additional testimony.

At the conclusion of all testimony, with regard to the October 14, 2014, incident, the jury convicted Appellant of simple assault (as to the victim) and two counts of recklessly endangering another person (as to the victim and the parties' child).  The jury acquitted Appellant on all other charges.  On August 4, 2015, the trial court sentenced Appellant to time served to two years less one day in prison for simple assault, and consecutive two year terms of probation for his recklessly endangering another person convictions.  This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Appellant's sole allegation is the trial court erred in excluding testimony from defense witness Tonya Grobes regarding the victim's prior out-of-court statement, which directly contradicted the victim's trial testimony regarding the October 14, 2014, incident.  Specifically, Appellant alleges Ms. Grobes should have been permitted to testify about the victim's

statement wherein she admitted that Appellant did not hit her and revealed she would do anything to get Appellant in jail. Appellant contends Ms. Grobes' testimony was admissible under Pa.R.E. 607 to impeach the victim's trial testimony as it relates to the October 14, 2014, incident.

This Court has stated:

> In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion.

*Commonwealth v. Baker*, 963 A.2d 495, 503-04 (Pa.Super. 2008) (quotation marks and quotation omitted). An abuse of discretion requires "not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* at 504 (quotations omitted).

Under our Rules of Evidence, "[t]he credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these Rules." Pa.R.E. 607(b). As the Comment to Rule 607 indicates "Pa.R.E. 607(b) applies the test for relevant evidence of Pa.R.E. 401 to evidence offered to impeach the credibility of a witness." Pa.R.E. 607 cmt.

Under Rule 401, "[e]vidence is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence;

and b) the fact is of consequence in determining the action." Pa.R.E. 401. *See Commonwealth v. Reid*, 571 Pa. 1, 34, 811 A.2d 530, 550 (2002) ("Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact.") (citation omitted)). The Comment to Rule 401 indicates that "[w]hether evidence has a tendency to make a given fact more or less probable is to be determined by the court in light of the reason, experience, scientific principles and the other testimony offered in the case." Pa.R.E. 401 cmt.

Additionally, "[a]lthough a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact." *Reid*, 571 Pa. at 34, 811 A.2d at 550 (citation omitted). *See* Pa.R.E. 607 cmt. ("[T]here are limits on the admissibility of evidence relevant to the credibility of a witness imposed by these rules. For example, Pa.R.E. 403 excludes relevant evidence if its probative value is outweighed by danger of unfair prejudice, etc."). In particular, pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

In the case *sub judice*, the trial court found the proffered testimony was not relevant. Specifically, the trial court found the testimony was not

relevant "because [Ms. Grobes] could not state when the statement was made in relation to any of the dates of the incidents alleged in the case." Trial Court Pa.R.A.P. 1925(a) Opinion, filed 11/5/15, at 7. We find no abuse of discretion in this regard.

Despite being given several opportunities to do so, Ms. Grobes was unable to establish when the victim purportedly made the statement at issue. In fact, Ms. Grobes ultimately testified she did not know the date she heard the statement. N.T., 7/16/15, at 30. In any event, giving Appellant the benefit of the doubt, and assuming, *arguendo*, Ms. Grobes' testimony established she heard the victim's statement in September of 2014,[2] Ms. Grobes' testimony would have established, at most, that the victim admitted she was lying about some prior instance of alleged assault, and not the October 14, 2014 assault, as alleged by Appellant. Accordingly, we agree with the trial court that Ms. Grobes' testimony was not relevant, *i.e.*, did not have a tendency to make a given fact more or less probable.

Additionally, even if relevant for impeachment purposes under Pa.R.E. 607 and 401, we conclude the evidence was properly excluded under Pa.R.E. 403. In light of Ms. Grobes' inability to identify a relevant time for when the victim made the statement, and thus to which alleged assault she was

---

[2] At one point, Ms. Grobes testified, "I think it was like a few weeks after in September." N.T., 7/16/15, at 25.

referencing, the probative value of the testimony was outweighed by the danger of confusing the issues and misleading the jury.[3]  ***See*** Pa.R.E. 403.

For all of the aforementioned reasons, we conclude the trial court did not abuse its discretion in excluding the testimony at issue, and thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2016

.

---

[3]  The Commonwealth avers there is an alternate reason to affirm the trial court's ruling; namely, the trial court properly excluded Ms. Grobes' testimony regarding the victim's purported out-of-court statement under the hearsay rules.  However, in light of our analysis *supra*, we need not address the issue further.